FILED
2014 Mar-31  PM 04:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| JACQUELINE K. RICHARDSON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | )  Case No.  7:14-cv-00023-HGD |
| | ) |
| THE BOYD SCHOOL, INC., | ) |
| | ) |
| Defendant | ) |

## REPORT AND RECOMMENDATION

The above-entitled civil action is before the court on the Motion for Default Judgment filed by plaintiff.  (Doc. 6).  Plaintiff Jacqueline Richardson asks the court to enter a judgment by default in her favor and against defendant The Boyd School, Inc., for $12,280.00, plus interest from the date of judgment.

Plaintiff commenced this action by filing a complaint on January 7, 2014.  The complaint alleges that defendant provides treatment for troubled boys between the ages of 6 and 21 and offers residential living quarters, with a requirement to have an employee in each cottage responsible for supervision of the residents.  Plaintiff states she was employed by defendant from March 2010 until May 2013 as a night time supervisor for the children residing in one of defendant's cottages and was required to use a time clock at the beginning and end of each shift.  She avers that she did not

perform any duties which would exempt her from the provisions of the Fair Labor Standards Act (FLSA). Plaintiff avers she worked eight-hour shifts and was afforded, but frequently did not get, the opportunity for two hours' sleep time. Plaintiff alleges that defendant admits it paid plaintiff only $5.00 per hour, which is below minimum wage, for the two hours of sleep time, whether or not plaintiff slept. Plaintiff further alleges that no other cottage supervisors received the reduced pay of $5.00 per hour for sleep time. Plaintiff avers that defendant has willfully refused to provide payroll information or pay plaintiff minimum wage. Plaintiff asserts a cause of action for violation of the FLSA's minimum wage provision, 29 U.S.C. § 206. She asks the court to enter judgment in an amount equal to all wages plaintiff should have received during the past two years pursuant to 29 U.S.C. § 206 and an amount equal to all wages plaintiff should have received for the third year but for defendant's willful violation of her rights under the FLSA. Plaintiff also asks that the court award an additional amount for liquidated damages pursuant to 29 U.S.C. § 216(b), as well as her attorney's fees and costs.

    Defendant was served with the summons and complaint on February 21, 2014; therefore, its answer was due by March 14, 2014. *See* Fed.R.Civ.P. 12(a)(1)(A)(i). When defendant failed to answer or otherwise respond to the complaint, plaintiff obtained a clerk's entry of default on March 17, 2014. (Doc. 5). The same day,

plaintiff filed a Motion for Default Judgment and served a copy of the motion on defendant. (Doc. 6). To date, defendant has not appeared nor filed any response to the Motion for Default Judgment, nor has defendant moved to set aside the entry of default.

In support of the Motion for Default Judgment, plaintiff has submitted the affidavit of her attorney, Joseph Jackson. Mr. Jackson states that plaintiff is owed three years of unpaid back wages in the amount of $3690.00 and liquidated damages of $3690.00. He also claims attorney's fees of $4500.00, based on 20 hours at $225.00 per hour, and costs of $400.00. The total amount of the default judgment sought is $12,280.00.

## DISCUSSION

Federal Rule of Civil Procedure 55(b)(2) allows the Court to enter a default judgment when the clerk has entered default and the party seeking judgment has applied to the court for a default judgment. To determine whether the moving party is actually entitled to a default judgment, the court must review the sufficiency of the complaint and its underlying merits. *See Stegeman v. Georgia*, 290 Fed. App'x 320, 323 (11th Cir. 2008) (citing *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The law is well-settled that "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact." *Tyco Fire & Sec.,*

*LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007) (*per curiam*).  However, the Court has "an obligation to assure that there is a legitimate basis for any damage award it enters."  *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2007).

Title 29 U.S.C. § 206 provides that every employer shall pay to its hourly employees wages of $7.25 an hour.  Title 29 U.S.C. § 216(b) provides in relevant part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . .   The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

Title 29 U.S.C. § 255(a) provides:

> if the cause of action accrues on or after May 14, 1947, [it] may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued; . . .

This action was filed on January 7, 2014; therefore, plaintiff ordinarily would be entitled to back wages for the period beginning three years before the date of suit (assuming a willful violation), or January 7, 2011 (rather than beginning March

2010). However, the Eleventh Circuit has held that the § 255(a) statute of limitations is "an affirmative defense which must be specifically pled." *Day v. Liberty Nat'' Life Ins. Co.*, 122 F.3d 1012, 1015 (11th Cir. 1997). In this case, defendant has not raised such an affirmative defense. Thus, plaintiff may seek back wages for her entire period of employment with defendant.

Under the Fair Labor Standards Act, an employee who is required to be on duty for less than 24 hours is "working" even though she is permitted to sleep. No reduction is permitted unless at least five hours of sleep is taken, and the employee can usually enjoy an uninterrupted night's sleep. *See Solis v. Aguilar*, 2009 WL 3049285, *15 (M.D.Tenn. Sept. 14, 2009) (citing U.S. Department of Labor, Wage and Hour Division, Fact Sheet #22); 29 C.F.R. § 785.21.

In this case, plaintiff's complaint establishes that she worked for defendant from March 2010 until May 2013, in a non-exempt hourly position, in eight-hour shifts. The complaint further establishes that she was paid only $5.00 per hour for two hours of sleep time during each eight-hour shift, whether or not plaintiff slept. It is also established that defendant willfully refused to pay plaintiff minimum wage for those two-hour periods. The amount of unpaid minimum wage sought by plaintiff, $3690.00, is consistent with a calculation of $2.25 owed for two hours, five days a week, 52 weeks a year, for 3.15 years.

With respect to the attorney's fee requested, a party seeking attorney's fees pursuant to the FLSA bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); *Lee v. Krystal Co*, 918 F.Supp.2d 1261, 1265 (S.D.Ala. 2013). The relevant market for the purposes of determining the reasonable hourly rate is the place where the case is filed. In *Briggs v. Elwood TRI, Inc.*, 2014 WL 975701 (N.D.Ala. March 11, 2014), an FLSA case, Chief United States District Judge Karon Bowdre determined that Robert Wiggins, an attorney with nearly 40 years of experience, was entitled to an hourly rate of $625; Ann Wiggins, with 25 years of experience, was entitled to $525 an hour; and Kimberly Sanders and Jake Kiser, with seven and six years of experience respectively, were entitled to an hourly fee award of $275. In *Edwards v. Agrium Advanced Techs. (U.S.) Inc.*, 2014 WL 1233702 (N.D.Ala. March 25, 2014), also an FLSA case, the court approved an hourly rate of approximately $298 for Arendall & Arnold,[1] where there had been no motion practice and little discovery. *Cf. Lee*, *supra*, at 1266 & n.6 (in Mobile, attorney with 14 years of experience in general commercial litigation, but only one in FLSA, would be

---

[1] David Arendall has been practicing since 1975 and Allen Durham Arnold has been practicing since 2004.

awarded hourly rate of $175, and court mentioned award of $250 hourly rate to attorney with 25 years of experience but limited civil rights expertise).

Mr. Jackson has been practicing since 2003. He practices in the areas of personal injury, slip and fall, worker's compensation, medical malpractice, business litigation, fraud and insurance disputes. While Mr. Jackson has not provided information about fees in FLSA cases in this district, the court has reviewed case law for similar situations. Based on the cases in this district awarding FLSA fees, the court finds that Mr. Jackson's claimed hourly rate of $225 is reasonable.

Based on the foregoing, it is RECOMMENDED that a default judgment be entered in favor of plaintiff, Jacqueline Richardson, and against defendant, The Boyd School, Inc., for unpaid minimum wages of $3690.00, liquidated damages of $3690.00, attorney's fees of $4500.00 and costs of $400.00.

### NOTICE OF RIGHT TO OBJECT

The parties are DIRECTED to file any objections to this Report and Recommendation within a period of fourteen (14) days from the date of entry. Any objections filed must specifically identify the findings in the magistrate judge's recommendation objected to. Frivolous, conclusive, or general objections will not be considered by the district court.

Failure to file written objections to the proposed findings and recommendations of the magistrate judge's report shall bar the party from a *de novo* determination by the district court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 31st day of March, 2014.

                                                                                                  /s/ Harwell G. Davis, III
                                                                                                  HARWELL G. DAVIS, III
                                                                                                  UNITED STATES MAGISTRATE JUDGE